THE STATE OF MONTANA ON THE RELATION OF COMINCO AMERICAN INCORPORATED, ET AL., RELATORS, v. THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT OF THE STATE OF MONTANA IN AND FOR THE COUNTY OF GRANITE, ET AL., RESPONDENTS.

No. 11098.
Submitted March 15, 1966. Decided April 1, 1966.
412 P.2d 577.

MacCalman & Beighle, Donald J. Beighle (argued), Deer Lodge, Corette, Smith, Dean & Robischon, Kendrick Smith (argued), Butte, for relators.

Michael J. O'Connell (argued), Bozeman, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an original proceeding, being an application for a writ of supervisory control. As will later appear the application was invited by the respondent District Court. We issued an order to show cause; return was made by a motion to quash. No answer as such was made. Therefore we deem the fact statements contained in the petition and supporting papers to be uncontroverted. Oral argument was had.

Relators are defendants in the court below. Mannix Electric, Incorporated, is plaintiff in Cause No. 4289 before the District Court of the Third District, Judge Stewart presiding. The suit by Mannix alleged as a claim for relief a debt and also seeks the foreclosure of a mechanic's lien upon real property located in Granite County. The suit primarily involved a contract dispute between the parties. The relators, defendants below, after service of the summons and complaint in the process of discovery, established through interrogatories that the plaintiff, Mannix Electric, prior to commencement of the action, had assigned its claim for relief.

Defendants moved to dismiss the action on the grounds that plaintiff was not the real party in interest under Rule 17(a), M.R.Civ.P. A hearing was had on the motion to dismiss. Evidence was introduced by the defendants that plaintiff had made four *assignments of his chose in action and claim for relief*. No testimony was introduced at that hearing by plaintiff; just as now, on our order to show cause why a writ of supervisory control should not issue no answer or return is made, though the burden of representing the district court has been assumed by the same counsel who represented plaintiff in the district court. Just a bare motion to quash.

The trial court made the following findings of fact.

"This Court finds from the evidence introduced at the hearing that during the period of June 8, 1963, to January 4, 1965, Plaintiff executed and delivered four assignments, which com-

pletely assigned *the debt* alleged by Plaintiff to be owing by the defendants in the above action. The assignments, two of which were to the First National Bank of Bozeman, and two to the United States Fidelity & Guaranty Company, preceded and vested prior to the time that Plaintiff commenced this action. That as a result of one or more of the assignments, *Plaintiff completely, irrevocably and without condition or reservation, assigned all its right, title and interest to any and all of the debt alleged owing in this suit, which fact is not denied by the Plaintiff.* However, this Court does not make any finding as to the priority of the assignments between United States Fidelity & Guaranty Company and the First National Bank of Bozeman, Montana. The Court is aware that if this motion is denied, Defendants have no right of appeal, but, rather, will be required to defend this action against the now Plaintiff, Mannix Electric, Incorporated; that this action is complicated and trial in the action will involve considerable testimony and time, at a cost of several thousand dollars to the parties. This Court is further aware that Defendants must within the very near future submit their Answer, and that trial will take place shortly thereafter, also that by *granting the motion to dismiss at this time it would not prejudice either or both of the assignees of Plaintiff."* (Emphasis supplied.)

Then, the district court made this conclusion of law:

"That Plaintiff, notwithstanding the total and complete assignments, without conditions or reservations, prior to the institution of this suit, of his entire claim for relief to the United States Fidelity & Guaranty Company and the First National Bank of Bozeman, is the real party in interest under the Montana Rules of Civil Procedure requiring that all actions be prosecuted by the real party in interest;"

The Court then ordered that the motion to dismiss be denied, and then in what we have hereinbefore referred to as an invitation ordered:

"IT IS FURTHER ORDERED that all proceedings herein

be stayed for a period of 30 days from the date hereof within which Defendants, if so advised, may apply for a Writ of Supervisory Control, Writ of Prohibition or other appropriate writ."

We see then what on its face appears to be a conclusion of law inconsistent with the findings of fact in that plaintiff had "completely, irrevocably and without condition or reservation, assigned all its right, title and interest to any and all of the debt alleged owing in this suit, which fact is not denied by the plaintiff."

The mechanic's lien was filed and perfected on August 14, 1964. Three of the assignments had predated this. One was made on June 8, 1963; one on July 18, 1963; a third on August 7, 1964; and finally a fourth on January 4, 1965. This latter assignment was *after* perfection of the lien, and according to the undisputed findings is all-encompassing. In other words, it leaves the plaintiff without any standing.

In a memorandum filed by counsel for the respondent district court, being the same counsel for plaintiff Mannix Electric, reference is made to "assignments as collateral security for payment of a debt." Under this theory counsel argues that plaintiff is the real party in interest "until the accrued choate [sic] and perfected lien has been by him assigned."

As we have pointed out, this is not the fact found. Plaintiff did assign the perfected lien completely, irrevocably and without condition or reservation.

We simply cannot understand plaintiff's position, nor the district court's position as represented by plaintiff's counsel. If plaintiff has *any* interest, inchoate, personal, or otherwise, it has on two occasions, once before the district court at the hearing on the motion to dismiss, and now before this court on the hearing on the order to show cause, failed completely to show any interest or any claim for relief.

Thus, the district court's order denying the motion to

dismiss was made without foundation in law and was made erroneously, and is an abuse of discretion.

Further, it is patently clear from the findings of the district court that the remedy at law is not adequate and therefore the motion to quash our order to show cause is denied. Again we call attention to the fact that nothing to the contrary was offered.

For the foregoing reasons, let the writ issue. It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, DOYLE and ADAIR concur.